25 Cal.App.3d 86 (1972)
100 Cal. Rptr. 601
In re J.L.P., a Person Coming Under the Juvenile Court Law.
ROBERT E. NINO, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
J.L.P., Defendant and Appellant.
Docket No. 30385.
Court of Appeals of California, First District, Division Three.
April 24, 1972.
*87 COUNSEL
Richard Such and Morgan, Beauzay & Hammer for Defendant and Appellant.
Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Gloria DeHart and D. Stuart Candland, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
BROWN (H.C.), J.
This is an appeal from a judgment and order of the Superior Court of the County of Santa Clara, sitting as a juvenile court, declaring appellant a ward of said court and committing him to the California Youth Authority.
In April 1971, a petition was filed in the Superior Court for Santa Clara County, in session as a juvenile court, alleging that appellant, a person *88 under the age of 21 years, came within the provisions of California Welfare and Institutions Code section 602 in that on April 7, 1971, he violated California Penal Code sections 261, subdivision 3 (count I  rape), 236 (count II  false imprisonment) and 207 (count III  kidnaping).
When appellant first appeared with his attorney in superior court, in session as a juvenile court, he was informed by the court that he had two choices: he could be tried in the adult court, or, if he was tried in the juvenile court and if any count of the petition was sustained that appellant would be committed to the Youth Authority. Defense counsel, after consulting with appellant, agreed to remain in the juvenile court.
A further hearing was thereafter held and the court reiterated its earlier determination that if appellant remained in juvenile court, he would be committed to the Youth Authority. The court stated that appellant was "not amenable to the Juvenile Court services" and the only reason he was permitted to remain was to protect his record. The court also noted that appellant was "for all intents and purposes emancipated" and that an earlier term of probation had proven ineffective.
Thereafter the petition was read and appellant was informed of his constitutional rights. Appellant admitted counts I and III, and the court dismissed count II in the interest of justice. The court found the allegations in the petition to be true and that appellant was a minor coming within the provisions of California Welfare and Institutions Code section 602. The court declared appellant a ward of the court and ordered him committed to the California Youth Authority.
(1) It is contended on appeal that the court committed error in refusing to hear evidence concerning the disposition to be made of appellant after he had plead guilty to two of the charges in the petition.
Preliminarily, reference is made to the pertinent sections of the Welfare and Institutions Code which disclose a sophisticated, specially designed procedure for retention of jurisdiction and the disposition of juveniles charged under sections 600, 601, and 602 of that code.
Section 650 et seq., provides that the filing of a petition commences proceedings to declare the minor a ward of the court. Section 675 et seq., provides for the hearing of this petition. At the hearing, the court must first determine whether or not it has jurisdiction. (Welf. & Inst. Code, § 701.) Appellant was charged under section 602, i.e., that the appellant was under the age of 21 years and had violated a law defining crime.
Appellant was charged with rape, false imprisonment and kidnaping. He plead guilty to rape and kidnaping and was, therefore, properly within the jurisdiction of the court.
*89 After determining the issue of jurisdiction, the second or dispositional phase must be considered and all relevant evidence must be heard. (Welf. & Inst. Code, § 706.) In determining disposition, section 731 gives the court authority to commit the minor to the Youth Authority, but section 726 makes it mandatory prior to a commitment that the court find (1) the parent or guardian is incapable of caring for the minor, or (2) that the minor has been tried on probation and failed to reform, or (3) that the welfare of the minor requires that he be taken from the custody of the parent or guardian.
Section 707 further provides that in the case of individuals over 16 years of age who are charged under section 602, if, at any time during the hearing, the court finds that the minor would not be amenable to the care, treatment and training of the juvenile court facilities, the court may dismiss the petition and direct the district attorney to prosecute under the applicable criminal statutes.
In In re Gladys R., 1 Cal.3d 855, 859-860 [83 Cal. Rptr. 671, 464 P.2d 127], the Supreme Court held that it was reversible error for the court to review the social study before determination of the issue of jurisdiction.
Likewise it is error to commit the minor merely because of the gravity of the crime. Such order would in effect be punitive. Juvenile court authorities are not designed to punish. (In re Gault, 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428]; In re William M., 3 Cal.3d 16, 30 [89 Cal. Rptr. 33, 473 P.2d 737]; In re Steven C., 9 Cal. App.3d 255, 264-265 [88 Cal. Rptr. 97].)
The court in In re Gladys R., supra, 1 Cal.3d 855, 859, stated: "The history of Welfare and Institutions Code sections 701 [fn. omitted], 702 [fn. omitted], and 706 [fn. omitted] clearly indicates that the Legislature intended to create a bifurcated juvenile court procedure in which the court would first determine whether the facts of the case would support the jurisdiction of the court in declaring a wardship and thereafter would consider the social study report at a hearing on the appropriate disposition of that ward. [Fn. omitted.]"
The theory underlying this legislative policy is that once the minor has been declared a fit subject for juvenile treatment, the court exists not for punishment but to help him. Thus, the considerations relative to the proper disposition of the minor are different from those that bear upon a determination that a crime has been committed.
The appellant here was given the alternative of being treated as a juvenile and committed to the Youth Authority or to be prosecuted as an adult. The court decision to commit was made prior to a determination of the jurisdictional and dispositional phases as required under the provisions *90 of the Welfare and Institutions Code. The appellant accepted commitment only after these alternatives were presented to him.
The court at the time of the commitment of appellant to the Youth Authority had before it the probation officer's report which was divided into two parts: "Jurisdiction" and "Social Study," and the social study portion of the report treated the following areas: "Previous Referrals," "Additional Circumstances," "Present Whereabouts of Minor," "Probation Adjustment," "Statement of Minor," "Statement of Parents," "School Report," "Juvenile Hall Report," "Personal and Family Background," "Evaluation" and "Recommendation." As such, it was received into evidence by the trial judge and was read and considered. The court, however, denied appellant's offer to present testimony of counselors in juvenile hall, testimony of his parents, his employer and job foreman. Welfare and Institutions Code section 706 requires that such relevant testimony be received when offered. Furthermore, the court did not indicate the basis for its determination that appellant be removed from the custody of his parents; no showing was made of abuse or neglect by the parents. While Welfare and Institutions Code section 726 provides no criteria for determining when the welfare of the minor requires that he be removed from the custody of his parents, it is clear that there must be some facts and evidence to support this finding. (In re Adele L., 267 Cal. App.2d 397, 406 [73 Cal. Rptr. 76].) We recognize that the court, in prejudging the issue of disposition, had the best interests of appellant in mind. It was desirous of protecting the minor from a felony record. The court, however, by its predetermination of disposition and its refusal to hear the offered evidence, was in error. We do not imply, of course, nor should there be any inference, as to the ultimate disposition of the youth. We determine only that such decision as to disposition be made after all available evidence has been submitted.
We have concluded that the judgment and order of commitment to the Youth Authority be reversed and that the matter be remanded to the superior court sitting as the juvenile court to consider evidence as to the appropriate disposition of appellant.
Draper, P.J., and Caldecott, J., concurred.