[Crim. No. 39210. Second Dist., Div. Four. May 5, 1981.]

In re DEMETRUS H., a Minor, on Habeas Corpus.

COUNSEL

Wilbur F. Littlefield, Public Defender, Kenneth I. Clayman, Valerie Monroe and Jack T. Weedin, Deputy Public Defenders, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Respondent.

OPINION

FILES, P. J.—This is a petition for writ of habeas corpus brought by a 17-year-old ward of the juvenile court asking relief from that portion of a disposition order that requires him to serve 5 to 10 days in juvenile hall as a condition of probation.

On October 31, 1980, a petition filed in the juvenile court under Welfare and Institutions Code section 602 was sustained pursuant to a stipulation whereby the charge of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a), was amended to allege use of hands in lieu of a metal pipe, and the offense was reduced to a misdemeanor. Other charges were dismissed "pursuant to case settlement." The minor was declared a ward of the juvenile court and released to the custody of his mother pending the disposition hearing set for November 24, 1980.

On that date the court placed the minor on home probation with certain conditions, one of which was that he first spend "not less than five

and no more than ten days *Ricardo M.* time in Juvenile Hall."[1] This confinement was stayed until December 26.

Petitioner's counsel objected that sending the minor to juvenile hall would be punishment. The court then explained its ruling as follows: "I think Demetrus is being given the best of all there is to offer here by being permitted to remain in the community with a minimal bit of seven days [preadjudication detention] plus five days in Juvenile Hall when you consider the nature of the offense involved. I think it needs to be planted very firmly in his mind that what he has done is wrong and to give him some very good idea of what is anticipated if he does it again. I do intend the additional time as punishment.

"I feel at this point additional punishment would be therapeutic. I don't find that it is totally contrary to the juvenile concepts set forth in the Welfare and Institutions Code which also indicates a need for the protection of the community."

The court inquired about the minor's school situation and then fixed December 26 as the date on which the confinement was to commence. The court stated "December 26th is a Friday. You should be out the following Tuesday if you obey all of the rules."

The present petition for writ of habeas corpus was filed in this court December 22, 1980, and was immediately considered. An order denying the petition was filed on December 23. On the same day, upon the request of petitioner, the juvenile court stayed the confinement to January 2, 1981.

On December 29 a petition for hearing was filed in the Supreme Court and on December 30 that court made an order staying the detention of petitioner. On January 29 it granted the minor's petition for hearing and ordered the Chief Probation Officer of Los Angeles County

---

[1] The term "*Ricardo M.* time" is a part of the current jargon of the habitues of the juvenile court, referring to a short, indeterminate stay in juvenile hall as a condition of probation, such as was held to be an appropriate condition of probation in a habeas corpus proceeding entitled *In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291]. While this language is familiar to judges and attorneys practicing in that court, it is not appropriate as a part of an order of the court. Insofar as practicable the disposition order in particular should be written in plain language of common usage, having in mind that the order is a permanent record of the court, to be understood by the minor, the minor's parents, and any other persons who may be required to read and comprehend the decision of the court.

. . . . .

to file a written return with this court. We placed the matter on the first calendar after the time needed for a return, replication and precalendar review.

The sole legal issue argued by petitioner is "Juvenile Hall detention cannot be imposed where it is punitive." The basis of the argument is the juvenile court's use of the word "punitive," although the court went on to explain that the purpose was therapeutic. Counsel for petitioner relies upon a host of cases which emphasize the unquestioned principle that juvenile proceedings are designed for the purposes of rehabilitation and treatment, not punishment.

The purpose of the Juvenile Court Law is stated in Welfare and Institutions Code section 202, subdivision (a), as amended in 1977: "The purpose of this chapter is to secure for each minor under the jurisdiction of the juvenile court such care and guidance, preferably in his own home, as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the state; to protect the public from criminal conduct by minors; to impose on the minor a sense of responsibility for his own acts; to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when necessary for his welfare or for the safety and protection of the public; . . . This chapter shall be liberally construed to carry out these purposes."

■ Unquestionably, punishment for its own sake is not one of the objectives of the juvenile justice system. But it does not follow that anything which may be characterized as "punishment" is necessarily inconsistent with the purpose of the law. Any judicial interference with the life-style of a delinquent minor is in a sense punitive, and is likely to be so regarded by the minor.

*In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291] arose out of a disposition order granting probation on condition the minor spend not less than five or more than twenty days in juvenile hall. Addressing the contention that the order was "punitive," the appellate court said at page 748: "The validity of the condition of probation imposing the short-term commitment of Ricardo to juvenile hall cannot be determined solely by reference to a categorization of the condition as punitive or rehabilitative. The distinction is too blurred to serve as a basis of determination. Rehabilitative conditions of probation concededly often include proscriptions upon conduct which are arguably

punitive. Restitution to the victim (Welf. & Inst. Code, § 730) punishes the pocketbook of the probationer. Conditions on association punish by restricting social conduct that may be of great personal importance. The legal test of the validity of the condition is thus not its characterization but rather its conformity to the objectives and declared policies of the Juvenile Court Law. So tested, the condition is a valid one."

A more recent discussion of this semantic problem is found in *In re John S.* (1978) 83 Cal.App.3d 285, 294 [147 Cal.Rptr. 771].

No good purpose would be served by analyzing the record in this case to determine the appropriateness of the condition imposed on November 24, 1980. At that time the juvenile court concluded that petitioner would be benefited by spending a few days in juvenile hall immediately after Christmas, with the expectation that he would be out before New Year's Day if he obeyed the rules. Being in juvenile hall at that time would not have interfered with the minor's school work or any other constructive activity.

That particular program is now obsolete. By the time this decision becomes final, which will be not less than 60 days after this opinion is filed (rules 24, 28, Cal. Rules of Court), it will be July or later. Time marches on even though a court orders "stay." The minor, though still subject to the jurisdiction of the juvenile court, (Welf. & Inst. Code, § 607) is now over the age of 18, and will have had the benefit of at least 7 months on probation. When the appellate process has run its course, the juvenile court will have the opportunity to evaluate the minor's adjustment over the intervening months before deciding whether or not any confinement or other new conditions of probation are then required in the minor's interest. To clear the record, the condition of probation requiring confinement in December 1980 should be eliminated, not because it was improper when that order was made, but because its intended therapeutic effect has evaporated with the passage of time. This decision striking the confinement condition is, of course, without prejudice to such modification of the dispositional order as may be found appropriate after a hearing in accordance with Welfare and Institutions Code section 775 et seq.

Let a writ of habeas corpus issue relieving petitioner from the condition of probation contained in the juvenile court's order of November

24, 1980, which required him to spend not less than 5 nor more than 10 days in juvenile hall.

Kingsley, J., and Woods, J., concurred.

Petitions for a rehearing were denied May 18 and 20, 1981, and the petitions of both parties for a hearing by the Supreme Court were denied August 19, 1981. Bird, C. J., Mosk, J., and Newman, J., were of the opinion that the petitions should be granted.