[No. B113754. Second Dist., Div. Four. Oct. 2, 1998.]

In re SCOTT S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SCOTT S., Defendant and Appellant.

## COUNSEL

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Steven D. Matthews and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—Appellant Scott S. appeals from orders declaring him a ward of the court and placing him in the camp community placement program after the juvenile court sustained a petition which alleged that he used and was under the influence of methamphetamine on March 3, 1997. The sole error raised on appeal is imposition and staying of 90 days' *Ricardo*

*M*. time.[1] We conclude the court exceeded its jurisdiction, and we remand for a new disposition hearing.

### FACTUAL AND PROCEDURAL SUMMARY

The evidence established that on March 3, 1997, appellant was under the influence of methamphetamine. Appellant told the arresting officer that he had been using methamphetamine approximately two times per week since 1991.

At the disposition hearing, the court stated: "I'm going to give you 90 days in jail. When you get out of camp, should you violate any of my probation—in other words, if you get out, say you decide to go use, I swear to God I'll give you 90 days." The minute order states: "Minor is ordered to spend not less than 0 days nor more than 90 days in Juvenile Hall pursuant to *Ricardo M.* The court finds said detention is a reasonable, fitting, and proper condition of probation necessary for the reformation and rehabilitation of minor. [¶] Said time is ordered stayed pursuant to Section 777(e) W.I.C."[2]

### DISCUSSION

 Appellant contends the order purporting to impose and stay not more than 90 days in juvenile hall violates Welfare and Institutions Code section 777, and for this reason was in excess of the court's jurisdiction. We disagree that such a sentence, by itself, exceeds the court's jurisdiction.

Appellant's basic premise is that a juvenile court cannot impose more than 30 days' *Ricardo M.* time. Welfare and Institutions Code section 777 imposes no such limitation. It merely provides that if the court intends to impose more than 30 days for a probation violation, a supplemental petition must be filed and a noticed hearing must be afforded at which the court conducts a complete evaluation of all circumstances relevant to a new dispositional order. (Welf. & Inst. Code, § 777; *In re Kazuo G.* (1994) 22 Cal.App.4th 1, 8-10 [27 Cal.Rptr.2d 155]; see also *In re Chad S.* (1994) 30 Cal.App.4th 607, 612-614 [35 Cal.Rptr.2d 795]; but see *In re Ronnie P.*

---

[1] *In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291].

[2] Welfare and Institutions Code section 777, subdivision (e) provides: "The filing of a supplemental petition and the hearing thereon shall not be required for the commitment of a minor to a county institution for a period of 30 days or less pursuant to an original or a previous order imposing a specified time in custody and staying the enforcement of the order subject to subsequent violation of a condition or conditions of probation, provided that in order to make the commitment, the court finds at a hearing that the minor has violated a condition of probation."

(1992) 10 Cal.App.4th 1079, 1087 [12 Cal.Rptr.2d 875].) Subdivision (b) of section 777 allows for commitments of 30 days or less without the filing of a petition, but specifically requires that, before committing a minor for any time in excess of 15 days, the court "shall determine and consider the effect that an extended commitment period would have on the minor's schooling, including possible loss of credits, and on any current employment of the minor." That subdivision also provides that commitment of a minor to a juvenile institution for a period of 30 days or less "may not be utilized more than twice during the time the minor is a ward of the court."

The minute order in this case orders a commitment of zero to ninety days in juvenile hall, "stayed pursuant to Section 777(e) W.I.C." Even though the high end of this stayed period exceeds 30 days, it arguably would be sustainable since the low end is well within that limit. Acknowledging the requirement that a petition must be filed pursuant to Welfare and Institutions Code section 777 in order to impose custody time in excess of 30 days, respondent argues that we should not presume the court will fail to follow this course and we should defer this matter to the future. We disagree.

The judge's actual statement from the bench was that should the minor "violate any of my probation—in other words, if you get out, say you decide to use, *I swear to God I'll give you 90 days*." (Italics added.) This statement was given in the most forceful manner which can be imagined—an oath to God—that he would certainly impose 90 days in the event of a further violation. We must take the judge at his word, and especially his oath. The only meaning which can be attributed to the statement is that the court will impose the stayed 90 days notwithstanding what showing is made at a future hearing. While the juvenile court has the power to stay *Ricardo M.* time for rehabilitative purposes (*In re Lance W.* (1985) 37 Cal.3d 873, 899 [210 Cal.Rptr. 631, 694 P.2d 744]), this court overstepped its jurisdiction and the matter must be remanded for a new disposition hearing.

### DISPOSITION

For the foregoing reasons, the matter is remanded to the trial court for a new disposition hearing, and the judgment is otherwise affirmed.

Vogel (C. S.), P. J., and Epstein, J., concurred.