[No. E027461. Fourth Dist., Div. Two. Apr. 9, 2001.]

In re TREVOR W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
TREVOR W., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.A, B, and D.

**COUNSEL**

Lori A. Fields, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, William M. Wood

and Sara Gros-Cloren, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHLI, J.**—Trevor W. appeals from a juvenile court disposition sustaining allegations of grand theft and placing him on probation on condition he serve 210 days in juvenile hall and make restitution to the victim. We conclude the court lacked authority to impose the juvenile hall time without adjudging Trevor to be a ward of the court. Otherwise, we affirm the disposition.

I

### FACTUAL AND PROCEDURAL BACKGROUND

Trevor became employed as a sales associate at an Izod clothing store in November 1998. The store sustained substantial losses between December 1998 and May 1999. Although figures for that specific period were not kept, the losses for the period from July 1998 to July 1999 totaled more than $26,000. This represented "shrinkage" in inventory of 5.7 to 6.8 percent. Normal shrinkage for an Izod store would be 2 to 3 percent.

On May 28, 1999, Trevor was questioned by two Izod managers, and later by a police officer, about the losses at the store. In these interviews, and later in court, Trevor admitted he had let five individuals take merchandise without paying. He said this had occurred eight times in December 1998. He also said about 140 items had been taken from January to March of 1999.

Trevor stated he would sometimes just turn his back while the individuals took the merchandise, and other times he would provide them with store bags. He said he allowed the individuals to take the merchandise because several Black guys or gang members from his high school were after him and had threatened to kill him or "straighten him out" if he did not give them the clothing.

On October 6, 1999, the district attorney filed a wardship petition pursuant to Welfare and Institutions Code section 602,[1] alleging that Trevor came within the jurisdiction of the juvenile court in that he had committed grand theft by embezzlement in violation of Penal Code section 487. At a jurisdictional hearing on May 18, 2000, the court found true the theft allegation and found Trevor came within section 602.

---

[1] Welfare and Institutions Code section 602 provides that a minor who violates any criminal law, other than those governing certain offenses not relevant here, is within the jurisdiction of

At a dispositional hearing on June 16, 2000, the court placed Trevor on probation pursuant to section 725, subdivision (a) (section 725(a)). It ordered as a condition of probation that Trevor forthwith serve 210 days in juvenile hall pursuant to *In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291], with the case to be dismissed upon successful completion of the juvenile hall time. The court also ordered that Trevor pay restitution of $10,320 to Izod.

## II

### DISCUSSION

A., B.*

· · · · · · · · · · · · · · · · · · · · · · · · · ·

### C. *Juvenile Hall Commitment*

The court placed Trevor on probation pursuant to section 725(a). That provision states, in relevant part, that if the court finds a minor to be a person described by section 602 "it may, without adjudging the minor a ward of the court, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months."

Alternatively, the court may, under section 725, subdivision (b), adjudge the minor a ward of the court. In that case, it may place him or her on probation under section 727, subdivision (a). In addition, section 726 provides that a minor adjudged to be a ward of the court may be taken from his or her parent's physical custody if the court finds the parent cannot or did not provide proper maintenance, training, and education; that the ward has failed to reform after probation in the parent's custody; or that the welfare of the minor requires that custody be taken. A minor removed from the custody of his or her parent may be placed in physical confinement, including juvenile hall. (§§ 726, 730, subd. (a).)

■ Trevor argues that, because the court proceeded under section 725(a) and not section 726, it had no authority to remove him from the custody of his parents, and the order that he serve 210 days in juvenile hall was invalid. He further argues that the court failed to make any of the findings required by section 726 for removing a minor from parental custody, and there was

the juvenile court. Further section references are to the Welfare and Institutions Code unless otherwise stated.

*See footnote, *ante*, page 833.

no basis in the evidence for any such finding. We find it unnecessary to address the second contention, because we conclude the first one is correct.

Section 725(a) neither expressly authorizes nor prohibits juvenile hall time as a condition of probation. In determining whether such a condition is permissible under that section, we therefore look to case authority dealing generally with imposition of juvenile hall time where probation is granted.

The court in this case based its imposition of juvenile hall time on *In re Ricardo M.*, *supra*, 52 Cal.App.3d 744 (*Ricardo M.*). That decision establishes that, where the necessary findings under section 726 are expressly or implicitly made by the court and supported by the evidence, the court may impose juvenile hall time as a condition of probation. (*Ricardo M.*, *supra*, at pp. 749-751.) In *Ricardo M.*, however, the minor was adjudged a ward of the court. (*Id.*, at p. 747.) To our knowledge, the same is true in the subsequent reported decisions in which juvenile hall time as a condition of probation has been imposed based on *Ricardo M.* (See, e.g., *In re Scott S.* (1998) 66 Cal.App.4th 1528, 1529 [78 Cal.Rptr.2d 748]; *In re Stephen L.* (1984) 162 Cal.App.3d 257, 259 [208 Cal.Rptr. 453]; *In re Demetrus H.* (1981) 118 Cal.App.3d 805, 806-807 [173 Cal.Rptr. 627]; *In re Mark M.* (1980) 109 Cal.App.3d 873, 875-876 [167 Cal.Rptr. 461]; *In re Gerald B.* (1980) 105 Cal.App.3d 119, 125 [164 Cal.Rptr. 193]; *In re John S.* (1978) 83 Cal.App.3d 285, 289 [147 Cal.Rptr. 771]; see also *In re Preston B.* (1969) 273 Cal.App.2d 607, 608 [78 Cal.Rptr. 436] [pre-*Ricardo M.*].)

Indeed, *Ricardo M.* found the authority for imposing juvenile hall as a condition of probation in section 730. As the court noted, section 730 provides that, where a minor is placed on probation, the court may impose "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b); see *Ricardo M.*, *supra*, 52 Cal.App.3d at p. 751.) Section 730, however, only applies "[w]*hen a minor is adjudged a ward of the court . . . .*" (§ 730, subd. (a), italics added.)

Although decided before *Ricardo M.*, the case of *In re Bacon* (1966) 240 Cal.App.2d 34 [49 Cal.Rptr. 322] (*Bacon*), disapproved on another point in *In re Brown* (1973) 9 Cal.3d 612, 624 [108 Cal.Rptr. 465, 510 P.2d 1017], supports Trevor's contention that juvenile hall time cannot be ordered as a condition of probation where the court proceeds under section 725(a), without adjudging the minor a ward of the court. In *Bacon*, the court placed four minors on probation without adjudging them wards of the court and conditioned probation on their spending four weekends at the probation department's training academy.

The Court of Appeal upheld the condition. However, it did so only because it determined that attendance at the academy during the daytime was "not a deprivation of physical custody" but merely "akin to a temporary absence from parental control as in the case of school attendance." (*Bacon, supra*, 240 Cal.App.2d at p. 61.) The court made it clear that, had continuous detention been imposed, it would have been improper: "[R]eading sections 725 and 726 in relation to each other, we conclude that where a minor is not made a ward of the court in cases where he is found to be a person described by sections 601 or 602, the court is limited, under the provisions of section 725, subdivision (a), to an order placing the minor on probation, under the supervision of the probation officer, for a period not to exceed six months. . . . [¶] . . . Were we to interpret the trial court's order as requiring appellants to be detained continuously during each weekend period we would be constrained to conclude that such detention amounts to a deprivation of physical custody and that, therefore, the court abused its discretion since it does not have the power to deprive a parent of the physical custody of a minor where the minor is not made a ward of the court." (*Id.*, at pp. 59-60.)

Here, of course, in contrast to *Bacon*, there can be no dispute that the order of 210 days juvenile hall time was a continuous detention that constituted a deprivation of parental custody.

*Bacon*'s statement that a minor may not be removed from his or her parents' physical custody where he or she is not made a ward of the court was technically unnecessary to its decision, because the court determined that in fact there had been no deprivation of physical custody. We note, however, that at least one subsequent decision refers to the statement as a holding. (*In re W. R. W.* (1971) 17 Cal.App.3d 1029, 1035, fn. 12 [95 Cal.Rptr. 354].) We further note that *Ricardo M.* did not purport to diverge from the principles set forth in *Bacon*. To the contrary, the court expressly relied on *Bacon* in concluding the juvenile hall time was appropriate. (*Ricardo M., supra*, 52 Cal.App.3d at p. 751.)

We also believe *Bacon*'s reading of the relevant statutes is supported by the statutes themselves. As discussed *ante*, the Legislature has dealt specifically with the circumstances under which a minor may be removed from parental custody in section 726. That section only applies to minors who have been adjudged wards of the court. Section 730, which also authorizes commitment to juvenile hall (§ 730, subd. (a)) and the imposition of probation conditions (§ 730, subd. (b)), similarly is limited to minors who are wards.

We have no doubt the Legislature intended that a court ordering a nonwardship probation under section 725(a) may impose conditions of

probation, even without a specific provision such as section 730, subdivision (b). However, in view of the limitation of sections 726 and 730, subdivision (a) to minors who are wards, it would be anomalous to interpret section 725(a)'s failure to *exclude* juvenile hall time as a permissible condition of probation as an indication that the Legislature intended to authorize such a condition. Rather, we conclude the more reasonable interpretation is that, if a court wishes to condition probation on juvenile hall time, it should adjudge the minor a ward of the court and proceed under sections 725, subdivision (b), 726, and 730.

Finally, even if we concluded section 725(a) authorizes juvenile hall time, we would reverse the juvenile hall condition in this case. As previously stated, section 725(a) expressly provides that probation ordered pursuant to its terms may only be ordered "for a period not to exceed six months." The disposition here imposed 210 days juvenile hall time, more than the maximum probation period under section 725(a). ■ " '[T]he power of the court with regard to probation is strictly statutory, and the court cannot impose a condition of probation which extends beyond the maximum statutory period of probation.' " (*People v. Gilchrist* (1982) 133 Cal.App.3d 38, 44 [183 Cal.Rptr. 709]; *In re Bolley* (1982) 129 Cal.App.3d 555, 557 [181 Cal.Rptr. 111].)

D.   *Victim Restitution**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III

### DISPOSITION

The order that Trevor serve 210 days in juvenile hall as a condition of probation is reversed. In all other respects, the disposition appealed from is affirmed.

Hollenhorst, Acting P. J., and McKinster, J., concurred.

On April 27, 2001, the opinion was modified to read as printed above.

---

*See footnote, *ante*, page 833.