Filed 1/31/14  In re A.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>A.B.,<br><br>        Defendant and Appellant. | C072712<br><br>(Super. Ct. No. PDL20120015) |

The minor A.B. admitted she came within the meaning of Welfare and Institutions Code section 602[1] in that she committed an assault by means of force likely to produce great bodily injury on James E., a felony (Pen. Code, § 245, subd. (a)(4)).   The juvenile court granted the minor probation for up to six months under section 725, subdivision (a), subject to certain terms and conditions including that she pay victim restitution in the amount of $1,820, jointly and severally with two other participants in the assault upon the

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

victim, with the opportunity for a hearing at which the minor could dispute the amount. Five months later, the minor's attorney filed a written motion challenging the amount of the restitution order. After a hearing, the court ordered the minor to pay $1,639, jointly and severally with the other participants.

The minor appeals from the restitution order. The minor contends that (1) the juvenile court erroneously determined it had jurisdiction to impose restitution after the minor had completed informal probation, (2) her due process rights were violated when the juvenile court declined to watch a videotape of the assault on the victim to determine who landed which blow to the victim in order to determine the amount of restitution to levy against the minor, and (3) the juvenile court erroneously set a maximum term of confinement when it granted probation. We reject the minor's contentions. We conclude the juvenile court had jurisdiction to review the restitution amount ordered at the disposition hearing, there was no due process violation because joint and several liability had been established at the disposition hearing, and the minor forfeited any challenge to the maximum term of confinement because she did not appeal from the disposition order. Accordingly, we affirm the restitution order.

FACTS

On January 31, 2012, during a fight between Christian M. and the victim (James E.), the minor and Rebecca S. punched and kicked the victim 47 times in the face and back while the victim was on the ground in a fetal position, covering his face and stomach. The minor struck the victim 20 times. After the minor and Rebecca stopped, Christian returned and used his knee to strike the victim in the face, breaking the victim's tooth. Besides a broken tooth, the victim sustained numerous injuries including a black eye, laceration in his mouth, multiple bruises on his forearms, and pain in his back. The assault was recorded on several cell phones/iPods.

2

DISCUSSION

# I

## *Juvenile Court's Jurisdiction to Review Restitution Amount*

The minor contends the juvenile court did not have jurisdiction to impose restitution in the amount of $1,639 because she had completed informal probation. We conclude the juvenile court had jurisdiction to review the restitution amount ordered at the disposition hearing.

### *Background*

On March 1, 2012, the victim signed a victim impact statement for the probation department and claimed $1,820 in monetary losses for medical expenses: "dental $1,820.00 . . . his tooth was broke in 1/2 (half) + went to Emergency Rm to be checked out."

On March 16, 2012, the juvenile court granted the minor probation for a term of six months subject to certain terms and conditions including, as recommended by the probation department, that the minor pay victim restitution in the amount of $1,820, jointly and severally with Christian and Rebecca, reserving to the minor the opportunity for review of the amount if disputed. The minor's attorney stated he had inspected the victim impact statement but had not seen any of the underlying documents to support the amount and the prosecutor "assured [him] that those will be coming to [him] soon." The court responded that the minor's right to challenge the restitution order had been reserved. The minor's attorney commented, "I understand, your Honor. Just for the purposes of ten days to challenge, I don't think that should be started yet until I receive copies --" The court replied, "Oh, okay." Later, in stating the terms and conditions of probation, the court ordered the minor to pay restitution jointly and severally with Christian and Rebecca and that the minor's attorney would explain to the minor what joint and several liability meant.

The minor waited until the probation term had almost expired to request a contested restitution hearing. On August 2, 2012, the minor's attorney requested that a hearing be set for August 20, 2012. On August 20, 2012, the People's request for a continuance was granted to October 1, 2012.

On August 21, 2012, the minor's attorney filed a written opposition to restitution, noting the hearing date of October 1, 2012. The minor's attorney argued (1) the victim had not presented documentation such as an invoice to justify the amount, (2) the minor should not be held jointly and severally liable for victim restitution, and (3) the minor should not be held responsible for the victim's chipped tooth because Christian M. was responsible for that injury.

On September 6, 2012, the probation department notified the court that when it granted probation in March, it had ordered $1,820 in victim restitution to be paid jointly and severally with the minor's co-participants and the minor's term of probation would expire in September, noting the minor had successfully completed the terms of probation.

On October 1, 2012, the prosecutor sought another continuance. The minor's attorney sought a severance from the other co-participants and objected to the juvenile court proceeding on the issue of restitution, suggesting the court lacked jurisdiction because the minor's probation had ended on September 16, 2012. The court found it had jurisdiction, denied severance, and set the contested hearing for October 16, 2012.

On October 16, 2012, the juvenile court held a hearing on victim restitution, reiterating that it found it had jurisdiction. The prosecutor presented the victim impact statement, a copy of the victim's dental bill, and a patient ledger. The juvenile court concluded $1,639 was justified by the documentation and awarded that amount, to be paid jointly and severally by the minor, Rebecca, and Christian.

### Analysis

Section 725, subdivision (a), permits the juvenile court to grant a section 602 minor, i.e., one who has committed a criminal act, probation "for a period not to exceed

4

six months" without adjudging the minor a ward of the court. As a condition of the minor's probation, section 730.6 requires the court to impose restitution to a victim who has suffered economic loss due to the minor's conduct. (§ 730.6, subds. (a)(2)(B), (*l*).)

Generally, the six-month limit on probation established by section 725 precludes a court from imposing conditions of probation that extend beyond that term. " ' "The power of the court with regard to probation is strictly statutory, and the court cannot impose a condition of probation which extends beyond the maximum statutory period of probation." ' " (*In re Trevor W.* (2001) 88 Cal.App.4th 833, 839.)

Here, the minor contends the juvenile court lacked jurisdiction to order victim restitution because her six-month probation term had expired. She is mistaken. Contrary to the minor's contention, the juvenile court did not first impose victim restitution at the October 2012 hearing held after her probation period expired. The amount of restitution had been ordered at the disposition hearing on March 16, 2012. Based on the victim impact statement, the court ordered victim restitution in the amount the victim claimed, reserving to the minor the opportunity for a contested hearing to challenge the amount.[2]

Five months after disposition, the minor challenged the amount of restitution and a hearing was set. The court had jurisdiction to consider the minor's challenge to the restitution order because the minor filed her challenge before the expiration of her six-month probation term. The court granted the prosecutor's continuance motions. The minor does not contend the juvenile court abused its discretion in granting the continuance motions.

At the conclusion of the October hearing on the amount of restitution, the juvenile court *lowered* the amount of restitution that the minor must pay jointly and severally with

---

[2]     Section 730.6, subdivision (h)(4), provides that "[a] minor shall have the right to a hearing before a judge to dispute the determination of the amount of restitution" and "[t]he court may modify the amount . . . on the motion of . . . the minor."

Christian and Rebecca. Assuming the court did not have jurisdiction to review the amount, the minor would be liable for the original, *higher* amount ordered at disposition. Section 730.6, subdivision (*l*), provides in relevant part, as follows: "Any portion of a restitution order that remains unsatisfied after a minor is no longer on probation shall continue to be enforceable by a victim pursuant to subdivision (r) until the obligation is satisfied in full." Section 730.6, subdivision (r), allows the restitution order to be enforced under Penal Code section 1214 [money judgment enforceable as a civil judgment].

We conclude the juvenile court had jurisdiction to review the amount of the restitution order.

## II

### *Due Process Violation*

At the hearing on the minor's challenge to the amount of the restitution order, the juvenile court declined to review a videotape of the assault, concluding it was irrelevant. The minor contends the juvenile court violated her due process rights because the videotape would demonstrate she was not acting in concert with Christian when he broke the victim's tooth, a loss the restitution amount covers. We conclude there is no due process violation because joint and several liability had been established at the disposition hearing.

### *Background*

The facts underlying the allegation of assault by Christian, Rebecca, and the minor reflect that Christian and the victim fought, Rebecca and the minor kicked and punched the victim when he was on the ground in a fetal position, and Christian returned and broke the victim's tooth. The minor admitted committing an assault by means of force likely to produce great bodily injury as did Rebecca. Christian admitted committing a battery. When the juvenile court granted probation and ordered payment of $1,820 in victim restitution to be joint and several with Christian and Rebecca, the minor's attorney

6

was only concerned that the victim had not presented any documentation such as an invoice to support the amount of $1,820. The minor's attorney did not claim the minor was not responsible for Christian's conduct or that the minor should not be held jointly and severally liable for the restitution amount to cover the lost tooth.

At the hearing on the minor's challenge to the amount of the restitution order, the minor's attorney requested that the juvenile court review the videotape of the assault, claiming neither the minor nor Rebecca was "acting in concert" with Christian when he "kneed the victim in the face, causing the chipped tooth, for which restitution is being sought." Arguing that the issue should have been litigated at the jurisdictional phase, the prosecutor objected to viewing the videotape in order to "parse out what injuries happened when" and claimed the minors were acting in concert. Christian's attorney also objected to viewing the videotape, claiming the issue of joint and several liability had been settled. Rebecca's attorney joined the minor's request to view the videotape, arguing the fight with the girls was over when Christian approached the victim and kneed him in the face. The prosecutor stated that "[b]ut for the girls beating [the victim] up and leaving him on the ground, he wouldn't have been on the ground for [Christian] to come up and cause the injury to the tooth."

Having read the detention report and the file, the juvenile court commented that "this was all part of an ongoing m[elee]." The court also stated the proceeding concerned whether the costs were reasonably related to the injury.

The minor's attorney argued the hearing should also resolve whether the restitution should be joint and several. The minor's attorney also disagreed that "this was some sort of m[elee]." The prosecutor stated that "it's all one incident they all pled to." Christian's attorney agreed.

The juvenile court concluded the videotape was not relevant, everyone was on notice when the detention report described the victim's injuries, and the time for contesting responsibility or culpability was at the jurisdictional phase of the proceeding.

7

*Analysis*

The minor forfeited any challenge to joint and several liability because the minor did not appeal the March 16, 2012 order. At the March 2012 disposition hearing, the juvenile court granted probation and ordered the minor to pay victim restitution, as recommended by probation, in the amount of $1,820, jointly and severally with Christian and Rebecca, reserving to the minor the opportunity to challenge the amount of restitution.

By admitting the allegation that she committed an assault by means of force likely to produce great bodily injury, the minor admitted her culpability and responsibility for the victim's losses and her obligation to pay does not depend on the culpability of Christian. (*People v. Madrana* (1997) 55 Cal.App.4th 1044, 1051; *People v. Zito* (1992) 8 Cal.App.4th 736, 746.) The juvenile court evaluated the evidence and determined the victim's economic losses were incurred as a result of the minor's conduct, that is, her assault by means of force likely to produce great bodily injury. The court also provided the minor with an opportunity to challenge the victim's claimed losses.

There was no due process violation.

## III

### *Maximum Term*

Finally, the minor complains the juvenile court set the maximum term for her offense at four years. The court did so at the March 2012 hearing when it granted probation. The minor's notice of appeal states she is appealing from the October 16, 2012 order, "ordering restitution in the amount of $1,639 to victim and will be paid joint and several with the co-participants." She did not appeal from the March 2012 order or claim in her notice of appeal that she was challenging the March 2012 disposition order. Thus, the minor has forfeited any claim about the juvenile court setting the maximum term of four years for her offense.

8

DISPOSITION

The judgment (restitution order) is affirmed.


           HOCH    , J.


We concur:


      ROBIE    , Acting P. J.


      BUTZ     , J.