[Civ. No. 18594. Fourth Dist., Div. One. July 16, 1979.]

In re MARY D., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MARY D., Defendant and Appellant.

## COUNSEL

Allen Bloom, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth, Karl J. Phaler and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

COLOGNE, J.—By an order dated March 28, 1978, and filed April 4, 1978, Mary D. was made a ward of juvenile court after finding her guilty of vandalizing property worth under $1,000 (Pen. Code, § 594, subd. (c)). This is a misdemeanor which carries a maximum term of custodial punishment of six months. As a result of this offense, she was placed on probation for one year pursuant to standard conditions of probation for San Diego County. The order to declare a ward of Mary required that she be placed in the home of her parents and ordered her to comply with the conditions of probation.

On September 7, 1978, Mary left home without the consent of her parents and in violation of the terms of probation. She went to Texas in the company of her boyfriend Bryan W. and certain other friends. Bryan was taken into custody at about that time for auto theft and stolen credit card charges.

On September 15, 1978, a petition was filed alleging she did "willfully and unlawfully disobey Juvenile Court Order, Form 52, dated 3/28/78, by leaving her Court-ordered placement . . . without permission. . . ."[1]

On October 10, 1978, the court made a true finding of her alleged criminal contempt and ordered her placed in the Girls Rehabilitation Facility. This appeal seeks to avoid the finding of criminal contempt and the six-month maximum term of confinement the court imposed at an October 26, 1978, hearing.

We note that since the hearing in September, Mary was, on December 20, 1978, returned to her parents and on January 30, 1979, released from wardship. The issue raised by the appeal, however, is not moot and we believe she deserves to have the propriety of this "offense" reviewed (see *In re Katherine R.,* 6 Cal.App.3d 354, 356-357 [86 Cal.Rptr. 281]).

At the outset, it should be observed that Mary admits violation of the terms of probation, a matter supported by the record. That fact was not before the court in these proceedings. The confinement resulting from the violation of probation in this case would warrant six months of the custodial detention and no error would be committed by continuing the wardship or detaining her at the facility for the period involved.

■ We do not question the propriety of the court's ability to punish for a violation of probation and continue the wardship for the second offense committed by a minor (see *In re John G.,* 72 Cal.App.3d 242, 245-246 [139 Cal.Rptr. 849]), but we do not believe the use of criminal contempt (Pen. Code, § 166, subd. 4) to elevate what would be a Welfare

---

[1]The form 52 conditions of probation, signed by Mary, included the following:
"2. You are to follow the rules and instructions of the Probation Officer and the persons with whom the Juvenile Court has ordered you placed.
"...
"4. You are not to leave San Diego County unless you have received specific permission in advance from the Court or Probation Officer."

and Institutions Code section 601[2] offense to a section 602[3] offense is appropriate.

Before 1976, section 602 included language to authorize a jurisdictional finding under this section where there was a prior section 601 finding and a failure "to obey any lawful order of the juvenile court." In 1976 the section was amended to delete this language and that is significant as showing legislative intent to change the existing law (see *Clements* v. *T. R. Bechtel Co.,* 43 Cal.2d 227, 232 [273 P.2d 5]). Thus, a failure to obey a lawful order of the juvenile court, i.e., a criminal contempt after a 601 finding, is no longer a part of that section. Accordingly, criminal contempt should not be included as a basis for the section 602 finding.

Penal Code section 166, subdivision 4, often referred to as criminal contempt, reads as follows: "Every person guilty of any contempt of court, of either of the following kinds, is guilty of a misdemeanor:

"
.     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .

"4. Willful disobedience of any process or order lawfully issued by any court;

"
.     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     ."
It is this violation of law the court used to invoke section 602 jurisdiction.

The plight of juvenile court judges faced with a fleetfooted youngster was addressed in *In re Ronald S.,* 69 Cal.App.3d 866 [138 Cal.Rptr. 387]. The lengthy discussion of the development of the law which is recounted there need not be repeated. Suffice it to say the law is clear now that it is improper to elevate a section 601, juvenile offender, to a section 602, juvenile criminal offender, through the use of a contempt of court proceeding under Penal Code section 166, subdivision 4 (see § 602 as

---

[2]All references to the code not otherwise designated make reference to the Welfare and Institutions Code. Section 601 of the code reads, in part, as follows: "(a) Any person under the age of 18 years who persistently or habitually refuses to obey the reasonable and proper orders or directions of his parents, guardian, or custodian, or who is beyond the control of such person, or who is under the age of 18 years when he violated any ordinance of any city or county of this state establishing a curfew based solely on age is within the jurisdiction of the juvenile court which may adjudge such person to be a ward of the court."

[3]In 1976 section 602 was amended to read as follows: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

amended 1976; *In re Ronald S., supra,* at pp. 873-874). That bootstrapping operation had been a persistent complaint in the pre-1976 law. The concern expressed in *Ronald S.* of commingling section 601 and section 602 offenders is not a problem in this case because Mary is already a section 602 offender and would be subject to the more serious disposition by reason of the probation violation. We are, however, confronted with a different aspect of the same bootstrapping technique, one which appears to us to be subject to similar criticism. Here it is the punishment, custodial care in a more secure facility, which may be lengthened. (See §§ 727, 730, 731.) This possibility of enlarged penalty is not in keeping with the nature of the offense, running away from home, which the Legislature has declared to be a section 601 offense. A runaway should be punished for that offense alone and not as a more serious law violator provided for by section 602.

Section 602 no longer subjects a minor to its provisions for disobeying a court order. In the instance of Mary, during the later portion of her wardship (i.e., when the § 602 confinement for the first offense has ended), the child is being held "solely" for a section 601 ground, a runaway. It is the technical violation of the court's order to obey the terms of probation which the court uses to make it a more serious offense. The court has used criminal contempt to contravene legislative intent, and attempted to do indirectly what it could not do directly.

The court in *In re Ronald S., supra,* 69 Cal.App.3d 866, condemned this "leapfrog" procedure. As the court in *Ronald S.* suggested, the Legislature is the proper body to authorize such an escalating procedure if it is desirable. That body has not seen fit to do so and, in fact, has expressly deleted that possibility for section 601 wards. We find no basis for parting from the position already adopted by the court, for it is bootstrapping whether applied to a section 601 or 602 ward (see *In re Ronald S., supra,* at p. 871).

The court orders of October 10 and October 26, 1978, which find a violation of criminal contempt (Pen. Code, § 166, subd. 4) and fix a maximum period of confinement for such violation are reversed.

Brown (Gerald), P. J., and Buttermore, J.,* concurred.

A petition for a rehearing was denied July 25, 1979, and respondent's petition for a hearing by the Supreme Court was denied September 12, 1979.

*Assigned by the Chairperson of the Judicial Council.