105 Cal.App.3d 119 (1980)
164 Cal. Rptr. 193
In re GERALD B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
GERALD B., Defendant and Appellant.
Docket No. 46943.
Court of Appeals of California, First District, Division One.
April 25, 1980.
*121 COUNSEL
William C. Connell, Public Defender, Gregory C. Rael, Deputy Public Defender, Peter Bull and Robert L. Walker for Defendant and Appellant.
George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
RACANELLI, P.J.
This appeal raises two issues: (1) whether a juvenile court may impose regular school attendance as a condition of probation following a wardship adjudication under section 602 of the Welfare and Institutions Code;[1] and (2) whether such condition may validly require summary detention in the event of noncompliance. We conclude that while school attendance is an appropriate condition of probation, its violation may not be summarily enforced.
On February 28, 1979, Gerald, then 16 years of age, was adjudicated a ward of the court pursuant to the provisions of section 602. The offense charged was petty theft (a bottle of whiskey). On March 14, *122 1979, a dispositional hearing was held. The probation report considered by the court revealed prior contacts with authorities for curfew violation and public intoxication as well as an unspecified criminal charge pending in another jurisdiction; the report further disclosed a record of irregular school attendance and marked academic underachievement. The probation department recommended that Gerald be placed on formal probation for a period of six months in the custody of his mother, subject to alcohol abuse and family counseling and regular school attendance pursuant to a "special school order" imposing limited juvenile hall confinement in the event of one or more unexcused school absences. Following declaration of wardship, the juvenile court placed Gerald on probation subject to the recommended conditions, including the questioned order.[2] In granting probation, the court stated that the special order would become self-executing without further hearing.
At a subsequent hearing clarifying the manner in which the order would be enforced,[3] it was established that the probation department routinely monitored similar orders by periodically contacting the schools involved and obtaining a list of those affected juveniles with unexcused absences. In the event of such absence, the juvenile is advised to spend the following weekend in juvenile hall; if there has been a second absence, the juvenile is arrested and  without benefit of prior notice to counsel (if any) or hearing  taken directly to juvenile hall to spend the remainder of the week. The parents are routinely notified and responsible for providing any existing medical excuse.
Gerald renews his challenge below based upon the statutory and constitutional grounds discussed herein.

*123 Appealability and Mootness

(1) Preliminary, we consider the People's contention that the appeal is premature in the absence of attempted enforcement of the questioned order. We disagree.
It is well established that a dispositional order rendered in a section 602 delinquency proceeding constitutes an appealable judgment. (§ 800; In re Melvin S. (1976) 59 Cal. App.3d 898, 900 [130 Cal. Rptr. 844]; cf. In re Florance (1956) 47 Cal.2d 25 [300 P.2d 825]; In re Timothy N. (1975) 48 Cal. App.3d 862 [121 Cal. Rptr. 880].) Nor does the fact that a noncustodial probation disposition is involved preclude appellate review. (See In re Dana J. (1972) 26 Cal. App.3d 768 [103 Cal. Rptr. 21].) And, it is equally well recognized that the validity of a condition of probation may be challenged by either a collateral or direct attack.[4] (See In re Bushman (1970) 1 Cal.3d 767, 776-777 [83 Cal. Rptr. 375, 463 P.2d 727]; In re Christopher W. (1973) 29 Cal. App.3d 777, 783 [105 Cal. Rptr. 775].)
We may properly assume that the order of probation herein has long since terminated, thus rendering the appeal arguably moot. Nevertheless, we elect to decide the questions presented in view of the established practice below and the likelihood of recurring litigation involving the same issues. (See District Election etc. Committee v. O'Connor (1978) 78 Cal. App.3d 261, 265-266 [144 Cal. Rptr. 442] and cases there cited.)

Validity of School Attendance as a Probation Condition
(2) Gerald first argues that the special order conflicts with the statutory scheme implementing a preliminary school board review of habitual truancy. (§§ 601, subd. (b), 601.1; Ed. Code, § 48263.)[5] The argument must be rejected.
*124 While it is relatively clear that truants are no longer subject to the original jurisdiction of the juvenile court under the amended provisions of section 601 (In re Ronald S. (1977) 69 Cal. App.3d 866, 871 [138 Cal. Rptr. 387]), the basis of wardship jurisdiction herein was not Gerald's truancy but rather the determination of a penal violation under the provisions of section 602  a wholly independent basis of jurisdiction. (In re William S. (1970) 10 Cal. App.3d 944, 949 [89 Cal. Rptr. 685]; see In re Ronald S., supra.) Thus, the statutory directives of prior referral to the local school attendance review board are inapplicable.
Upon an adjudication of wardship under section 602, the court may place the juvenile in parental custody subject to the supervision of the probation officer (see §§ 727, 730) and may impose "any and all reasonable conditions that it may determine fitting and proper" in the interests of justice and successful rehabilitation (§ 730; cf. Pen. Code, § 1203.1). Such a condition is valid and enforceable unless it bears no reasonable relationship to the underlying offense or prohibits conduct neither itself criminal in nature nor related to future criminality. (See People v. Lent (1975) 15 Cal.3d 481 [124 Cal. Rptr. 905, 541 P.2d 545]; In re Bushman, supra, 1 Cal.3d 767, 777; In re Christopher W., *125 supra, 29 Cal. App.3d 777, 783-784.) In light of the minor's history of irregular school attendance, his disobedience of a previous court order to enroll in school and the fact that the theft occurred during normal school hours, we conclude that the section 602 probation order requiring school attendance was both "fitting and proper" and reasonably calculated to serve the ends of justice and to enhance the likelihood of "reformation and rehabilitation of the ward." (§ 730; cf. § 731 [mandatory professional counseling]; Health & Saf. Code, §§ 11373 and 11376 [compulsory attendance in educational programs by narcotics offender].) Nor does Gerald contend otherwise.
(3) Gerald next argues that the special order violates the statutory provision prohibiting locked detention for noncriminal conduct. (§ 207, subd. (b).)[6] He argues that the net effect of the order is to convert a section 601 status offense into a section 602 criminal offense by impermissibly "bootstrapping" an unexcused school absence into a punishable violation. (Cf. In re Mary D. (1979) 95 Cal. App.3d 34, 37-38 [156 Cal. Rptr. 829]; In re Ronald S., supra, 69 Cal. App.3d 866, 871, 874.) We find the argument unconvincing.
The limitation on secured detention contained in section 207, subdivision (b) applies where the minor is "taken into custody solely upon the ground that he is a person described by Section 601 or adjudged to be such or made a ward of the juvenile court solely upon that ground, ..." (Italics added.) As noted, Gerald was made a ward of the court by virtue of his criminal conduct under section 602; his potential confinement to juvenile hall arises not from the fact of truancy alone, but as the result of a condition of probation stemming from such criminal conduct. And it is generally recognized that there is no legal impediment to the imposition of brief periods of juvenile hall detention as a condition of probation in section 602 proceedings. (See In re John S. (1978) 83 Cal. App.3d 285, 294 [147 Cal. Rptr. 771]; In re Ricardo M. (1975) 52 Cal. App.3d 744, 751 [125 Cal. Rptr. 291]; In re Preston B. (1969) 273 Cal. App.2d 607, 611 [78 Cal. Rptr. 436]; In re Bacon (1966) 240 Cal. App.2d 34, 63 [49 Cal. Rptr. 322].)

*126 Summary Enforcement

(4) Gerald's principal challenge is directed to the provisions of the order calling for summary detention in juvenile hall on account of a reported absence from school. Relying upon an analogy to established principles applicable to revocation proceedings (see Gagnon v. Scarpelli (1973) 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756]; Morrissey v. Brewer (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]; People v. Vickers (1972) 8 Cal.3d 451 [105 Cal. Rptr. 305, 503 P.2d 1313]), Gerald claims that the self-executing order invoking automatic confinement without opportunity for hearing is in flagrant disregard of fundamental principles of due process. The analogy is misplaced since the potential confinement herein is based not upon probation revocation or modification proceedings but upon the summary implementation of a condition involving an otherwise appropriate subject matter of probation. Yet the effect of such implementation resulting in a term of involuntary confinement with almost mechanical certitude solely by reason of an uncharged, unproved and noncriminal act is of doubtful validity.[7] (Cf. People v. Morris (1979) 97 Cal. App.3d 358 [158 Cal. Rptr. 722].) Had the order of probation been limited to compulsory school attendance without more, the prescribed statutory procedure in the event of noncompliance would have been a modification or revocation proceeding "subject to ... procedural requirements" (§ 775), including the filing of a supplemental petition and a noticed hearing to determine whether the previous order of disposition has proven ineffectual. (See § 777; In re Glenn K. (1977) 74 Cal. App.3d 342, 345-346 [141 Cal. Rptr. 486].) Moreover, if the juvenile court thereafter concluded that probation should be revoked, the court would have been expressly prohibited from ordering the minor's commitment to the county juvenile hall unless a less restrictive facility was unavailable. (See § 730;[8]In re Debra A. (1975) 48 Cal. App.3d 327 [121 Cal. Rptr. 757].) Thus, the special order would operate to completely circumvent the statutory procedural requirements by triggering automatic juvenile hall confinement merely upon a reported unexcused absence from school. Such summary disposition *127 and resultant incarceration would indirectly nullify the legislative intent that juvenile hall detention be employed as a last resort (§ 730) and in principle would tend to frustrate the parallel legislative scheme which accords prior noncustodial treatment to habitual truants. (§§ 601, subd. (b), 601.1; Ed. Code, §§ 48263, 48265-48268.) We therefore conclude that the challenged order, insofar as it purports to authorize automatic confinement in the county juvenile hall simply upon a reported school absence without medical excuse, is invalid and must be stricken.
We reverse and remand for such further proceedings as may be appropriate consistent with the views expressed herein.
Newsom, J., and Grodin, J., concurred.
NOTES
[1] Unless otherwise indicated, all statutory references are to this code.
[2] The challenged order provides: "SPECIAL SCHOOL ORDER: If you cut all or any part of a school day without a valid doctor's excuse, you will spend the following weekend in Juvenile Hall. Further, if you cut all or any part of a school day more than once during the week, you will spend the remainder of the week plus the weekend in Juvenile Hall."
[3] We reject the People's contention that this part of the record is not properly before us. First, no objection to the clarification proceeding was made below, thus foreclosing such a claim made for the first time on appeal. (Cf. People v. Medina (1978) 78 Cal. App.3d 1000, 1007 [144 Cal. Rptr. 581].) Moreover, the evidentiary proceeding related solely to the clarification of an order clearly affecting the substantial rights of the minor. (Cf. In re Corey (1964) 230 Cal. App.2d 813 [41 Cal. Rptr. 379].) In any case, we may liberally construe the notice of appeal to include the March 26 determination where there is no prejudice to respondent, as here. (See In re Edgar M. (1975) 14 Cal.3d 727, 740 [122 Cal. Rptr. 574, 537 P.2d 406]; In re William C. (1977) 70 Cal. App.3d 570 [138 Cal. Rptr. 843].)
[4] Parenthetically, we note that if the minor were required to delay his challenge until a subsequent attempted enforcement, under most circumstances his appeal would normally be limited to questions of jurisdictional defect alone. (See People v. Glaser (1965) 238 Cal. App.2d 819, 824 [48 Cal. Rptr. 427], cert. den. 385 U.S. 880 [17 L.Ed.2d 107, 87 S.Ct. 164], rehg. den. 385 U.S. 965 [17 L.Ed.2d 310, 87 S.Ct. 402].)
[5] The relevant statutes provide as follows: Section 601, subdivision (b): "If a school attendance review board determines that the available public and private services are insufficient or inappropriate to correct the habitual truancy of the minor, or to correct the minor's persistent or habitual refusal to obey the reasonable and proper orders or directions of school authorities, or if the minor fails to respond to directives of a school attendance review board or to services provided, the minor is then within the jurisdiction of the juvenile court which may adjudge such person to be a ward of the court; provided, that it is the intent of the Legislature that no minor who is adjudged a ward of the court pursuant solely to this subdivision shall be removed from the custody of the parent or guardian except during school hours."

Section 601.1: "Any person under the age of 18 years who persistently or habitually refuses to obey the reasonable and proper orders or directions of school authorities, and is thus beyond the control of such authorities, or who is a habitual truant from school within the meaning of any law of this state, shall, prior to any referral to the juvenile court of the county, be referred to a school attendance review board pursuant to Section 48263 of the Education Code."
Education Code section 48263: "If any pupil in any district of a county is an habitual truant, or is irregular in attendance at school, as defined in this article, or is habitually insubordinate or disorderly during attendance at school, the pupil may be referred to a school attendance review board. The supervisor of attendance, or such other persons as the governing board of the school district or county may designate, making such referral shall notify the minor and parents or guardians of the minor, in writing, of the name and address of the board to which the matter has been referred and of the reason for such referral. The notice shall indicate that the pupil and parents or guardians of the pupil will be invited, along with the referring person, to meet with the school attendance review board to consider a proper disposition of the referral. [¶] If the school attendance review board determines that available community services cannot resolve the problem of the truant or insubordinate pupil or if the pupil fails to respond to directives of the school attendance review board or to services provided, the school attendance review board shall direct the county superintendent of schools to, and, thereupon, the county superintendent of schools shall, request a petition on behalf of the pupil in the juvenile court of the county."
[6] Section 207, subdivision (b) provides in pertinent part: "Notwithstanding the provisions of subdivision (a), no minor shall be detained in any jail, lockup, juvenile hall, or other secure facility who is taken into custody solely upon the ground that he is a person described by Section 601 or adjudged to be such or made a ward of the juvenile court solely upon that ground, except as provided in subdivision (c). If any such minor, other than a minor described in subdivision (c), is detained, he shall be detained in a sheltered-care facility or crisis resolution home as provided for in Section 654, or in a nonsecure facility provided for in subdivision (a), (b), (c), or (d) of Section 727."
[7] Conceivably, both the recalcitrant truant as well as the minor who possessed other plausible explanations justifying any absences nonetheless could be peremptorily subjected to periodic detention throughout the entire term of probation.
[8] The first paragraph of section 730 provides: "When a minor is adjudged a ward of the court on the ground that he is a person described by Section 602, the court may order any of the types of treatment referred to in Section 727, and as an additional alternative, may commit the minor to a juvenile home, ranch, camp or forestry camp. If there is no county juvenile home, ranch, camp or forestry camp within the county, the court may commit the minor to the county juvenile hall...."