[Crim. No. 37254. Second Dist., Div. Five. Aug. 28, 1980.]

In re MARK M., a Minor, on Habeas Corpus.

**COUNSEL**

Wilbur L. Littlefield, Public Defender, Kenneth I. Clayman, George Clark and Henry J. Hall, Deputy Public Defenders, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Respondent.

## OPINION

**HASTINGS, J.**—Petitioner was declared a ward of the court pursuant to Welfare and Institutions Code section 602 after he admitted burglarizing a high school. He was placed home on probation on various terms and conditions including performing 100 hours of community service, attending school regularly, and spending 10 days in juvenile hall, so-called *Ricardo M.* time.[1] An additional 20 days of *Ricardo M.* time was stayed until March 23, 1979. On the latter date 10 days' detention was imposed because petitioner had failed to complete performance of the community service and was not attending school regularly.[2]

On June 21, 1979, petitioner was arraigned on a supplemental petition (Welf. & Inst. Code, § 7.77) alleging continued failure to comply with the conditions of probation as to community service and school attendance. This petition was sustained on July 31, 1979. The terms of probation were modified by eliminating the community service provision, adding a $50 fine, and imposing an additional 25 days of *Ricardo M.* time, of which 2 days were to be served immediately. The remaining 23 days were stayed on condition that petitioner not miss any school. The matter was calendared for further hearing on January 31, 1980. On the latter date, because of petitioner's continued refusal to attend school, the court imposed the additional 23 days' *Ricardo M.* time in conformity with the recommendation of a supplemental probation report.[3]

The within petition, challenging the order imposing the additional 23 days of *Ricardo M.* time, raises two issues: (1) whether a Welfare and Institutions Code section 602 ward can be placed in juvenile hall detention solely for truancy; and (2) whether imposition of *Ricardo M.* time can be stayed and then imposed without following the procedural requirements of Welfare and Institutions Code section 777.

---

[1] *In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291], approved the concept of imposing a brief period of juvenile hall detention as a condition of probation.

[2] Petitioner did not appeal or otherwise challenge this order.

[3] The report indicated that petitioner was complying with all conditions of probation except those relating to school attendance.

The first issue was adjudicated in *In re Gerald B.* (1980) 105 Cal. App.3d 119 [164 Cal.Rptr. 193], a case decided after we issued our order to show cause in the instant matter, but prior to oral argument. We agree with the conclusion reached in *Gerald B.* ■ When regular school attendance is made a condition of probation following a Welfare and Institutions Code section 602 determination of wardship, based upon a Penal Code violation, time in custody may be imposed for a violation of the probationary condition.

■ We come now to the second issue presented, the appropriate procedural method of imposing time in custody for violation of such a condition of probation. *In re Gerald B., supra,* involved facts similar, but not identical to, those before us. The original disposition order in *Gerald B.* provided that if the minor missed a day of school he would spend the following weekend in juvenile hall; if he missed more than one day of school in any one week, he would spend the remainder of the week and the weekend in juvenile hall. The order was to be enforced by the probation officer without further judicial hearing.

The appellate court concluded that the summary method of enforcing the order regarding school attendance was improper in that it circumvented the statutory procedures mandated by Welfare and Institutions Code sections 730 and 777. (*In re Gerald B., supra,* 105 Cal.App.3d 119, 126-127.) Although neither the trial court nor the appellate court in *Gerald B.,* labeled the time the minor was to spend in custody "*Ricardo M.* time," clearly the effect of the condition imposed in *Gerald B.* was identical to that present herein.

The facts of the instant case are procedurally distinguishable from those present in *Gerald B.* in that here a further court hearing was had and a decision was rendered on the basis of a supplemental probation report. Nonetheless, a careful reading of Welfare and Institutions Code section 777 leads us to conclude that the procedure adopted by the court below constituted an improper shortcut of the statutory scheme.

Section 777 provides that "An order changing or modifying a previous order by removing a minor from the physical custody of a parent...and directing...commitment to a county institution...shall be made only after noticed hearing upon a supplemental petition."

Subdivision (a) of the statute provides that in the case of section 602 wards the supplemental petition shall be filed by the prosecuting attor-

ney at the request of the probation officer and that it "shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

Section 777, subdivision (b) provides: "Notwithstanding the provisions of subdivision (a), if the petition alleges a violation of a condition of probation and is for the commitment of a minor to a county juvenile institution for a period of 15 days or less, it is not necessary to allege and prove that the previous disposition has not been effective in the rehabilitation or protection of the minor. In order to make such a commitment the court must, however, find that such commitment is in the best interest of the minor. The provisions of this subdivision may not be utilized more than twice during the time the minor is a ward of the court."

The requirement that in the case of a section 602 ward the supplemental petition be filed by the prosecuting attorney on the request of the probation officer is certainly well within the legislative province. That requirement was not followed in the instant case.

More importantly, the clear implication of subdivision (b) of section 777 is that a supplemental petition must be filed whenever the minor is to be committed to a county juvenile institution for violating a condition of probation, although the basis for the commitment changes if its term exceeds 15 days as it did here. The effect of section 777, subdivision (b) is that if a court stays *Ricardo M.* time, it cannot later impose it unless the provisions of section 777 are first complied with.

The writ of habeas corpus is granted. Petitioner is remanded to the superior court for further proceedings consistent with the views expressed herein.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied September 24, 1980, and respondent's petition for a hearing by the Supreme Court was denied October 22, 1980. Manuel, J., was of the opinion that the petition should be granted.