[No. C060673. Third Dist. Apr. 14, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
MIRYA LYNN STACY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II, III and IV.

COUNSEL

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**NICHOLSON, J.**—Sentenced to three years in state prison for false personation (Pen. Code, § 529),[1] driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), driving with a blood-alcohol content exceeding 0.08 percent (Veh. Code, § 23152, subd. (b)), and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)), defendant Mirya Lynn Stacy appeals her conviction. On appeal, defendant claims there was insufficient evidence to convict her of false personation, instructional error, and the trial court abused its discretion in refusing to reduce her false personation conviction to a misdemeanor. For the reasons discussed below, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2008, off-duty Sacramento County Sheriff's Detective Todd Gooler was driving eastbound on Interstate 80 in an unmarked vehicle when he saw a Buick driving abnormally slow (approximately 40 miles per hour). Detective Gooler followed the Buick and saw it drift into the center of the interstate where the tires hit the "concrete divider" and came at least one foot off the roadway. The Buick then "veered to the right" and exited the interstate traveling at less than five miles per hour.

Detective Gooler continued to follow the Buick off the interstate, turning on his red and blue lights. The Buick continued to drive through an industrial area and several parking lots until it reached a dead end, where it finally came to a stop. Detective Gooler approached the driver of the car (defendant) and asked her to turn off the ignition. Defendant followed his instructions and gave Detective Gooler the keys.

Next, Detective Gooler asked defendant her name; she told him her name was Amber Skrobecky and said her birthday was April 2, 1984. Consistent

---

[1] All subsequent undesignated section references are to the Penal Code.

with his practice, Detective Gooler wrote the information down on a three-by-five index card. While talking to defendant, Detective Gooler noticed a strong odor of alcohol emanating from her and that her speech was slurred. Gooler had "no doubt" defendant was intoxicated so he contacted the Roseville Police Department for assistance.

Andrew Bonner, an officer with the Roseville Police Department, took the call from Detective Gooler. Officer Bonner arrived on the scene and Detective Gooler told him defendant's name was Amber Skrobecky, her birth date was April 2, 1984, and she did not have a "picture ID" or driver's license with her. Officer Bonner then spoke directly with defendant.

Defendant told Officer Bonner that her name was Amber Skrobecky. While speaking with defendant, Officer Bonner observed that defendant smelled strongly of alcohol. He noticed her speech was slurred, and her eyes were red and bloodshot. When asked, defendant said the car was not hers, it was rented. Officer Bonner then conducted five field sobriety tests on defendant and concluded she was intoxicated.[2] Accordingly, Officer Bonner transported defendant to the Roseville jail.

During the drive to the jail, defendant gave Officer Bonner a California driver's license number and mailing address, which matched the Department of Motor Vehicles's (DMV) records for Amber Skrobecky. Defendant also told Officer Bonner her full name was Amber Lynn Skrobecky. According to the DMV records, however, Amber Skrobecky's birthday was April 2, 1985, and her middle name was Ann. Officer Bonner also asked defendant for her maiden name, and the name she gave did not match either of the maiden names listed for Amber Skrobecky.

Officer Bonner confronted defendant with these discrepancies, but defendant insisted she was Amber Skrobecky and this time said her birthday was April 2, 1986. Officer Bonner pleaded with defendant to be honest with him, told her that with fingerprints they would be able to identify her eventually, but defendant remained resolute. He asked her a third time for her birth date, this time the date she gave was April 2, 1985. When he asked defendant why she could not remember her birth date, she said it was because she was "so intoxicated" she forgot.

Once at the Roseville jail, defendant was fingerprinted and completed one breathalyzer test. She refused, however, to complete the required second breathalyzer test or to provide a blood sample. Defendant was advised that

---

[2] The jury saw the dashboard recording of defendant attempting to complete the field sobriety tests.

her refusal to complete these tests would result in the automatic suspension of her driver's license, but she continued to refuse. Soon, Officer Bonner's supervisor arrived along with a phlebotomist. Officer Bonner again advised defendant of the consequences for refusing to complete the required chemical tests. Defendant continued refusing but said she would not resist the phlebotomist. Ultimately, the phlebotomist was able to draw defendant's blood without her consent, but also without her physical resistance.

When completing the form for defendant's blood sample, Officer Bonner left blank the portion reserved for the person's name, believing defendant still had not given her true name. The sample came back showing defendant had a blood-alcohol level of 0.17 percent.

Shortly after defendant's blood was drawn, the fingerprint results came back, showing that the prints belonged to defendant—not Amber Skrobecky. Officer Bonner also was able to obtain photographs of defendant and Amber Skrobecky from the state database, "Cal Photo," and confirm defendant was not Amber Skrobecky. When Officer Bonner confronted defendant with the photographs, she admitted that she had lied about her identity because of "outstanding warrants for her arrest." She told Officer Bonner that Amber Skrobecky was her cousin.

Defendant was then booked and charged with false personation (§ 529), driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), driving with a blood-alcohol content greater than 0.08 percent (Veh. Code, § 23152, subd. (b)), and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)). With regard to the charge of false personation, it was alleged that defendant served a prior prison term within the meaning of section 667.5, subdivision (b).

It was further alleged that defendant was twice previously convicted of driving under the influence (Veh. Code, § 23546), and that defendant refused to submit to and/or complete the chemical testing requirements (Veh. Code, § 23577). The complaint also alleged defendant was twice previously convicted for driving with a suspended license (Veh. Code, § 14601.2, subd. (d)(2)).

Defendant pled no contest to the charge of driving on a suspended license, but not guilty to the remaining charges. A jury trial was held on the remaining charges, for which defendant was ultimately found guilty. Defendant admitted the prior convictions and was sentenced to an aggregate term of three years in state prison. Defendant appeals her conviction.

## DISCUSSION

### I

Defendant contends there was insufficient evidence to convict her of false personation. Specifically, she claims there was insufficient evidence (1) that Amber Skrobecky was a person; (2) that Skrobecky might become liable or lose a benefit based on defendant's actions; (3) that defendant took an additional act, as required by section 529; and (4) of the corpus delicti, aside from her extrajudicial statements.

When a defendant challenges the sufficiency of the evidence on appeal, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.]" (*People v. Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738], original italics.)

■ Under section 529, subdivision 3, it is a felony to impersonate another person, and, while doing so, commit any other act that (1) if done by the person being impersonated, might cause that person liability for any prosecution, or (2) might benefit the impersonator in some way.[3]

■ Here, there was ample evidence to support the jury's finding that Amber Skrobecky was an actual person. Officer Bonner confirmed that a driver's license, matching the number given to him by defendant, was issued to Amber Skrobecky, and that Skrobecky was born on April 2, 1985. Officer Bonner also retrieved a photograph of Amber Skrobecky from the "Cal Photo" database. Then, after showing defendant the picture of Amber Skrobecky, defendant admitted Skrobecky was her cousin.

■ Defendant next contends there was insufficient evidence that Amber Skrobecky "would have suffered liability from [defendant's] acts" because "[f]rom the outset" Officer Bonner suspected defendant was not Skrobecky. This misstates the statute's requirement, which, as pertinent to this case, is

---

[3] Section 529 provides, in relevant part:

"Every person who falsely personates another in either his private or official capacity, and in such assumed character either: [¶] . . . [¶]

"3. Does any other act whereby, if done by the person falsely personated, he might, in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or whereby any benefit might accrue to the party personating, or to any other person;

"Is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment."

only that the person falsely personated "might" become liable to any prosecution, or incur any charge, forfeiture, or penalty. (§ 529, subd. 3.) "Might" is nothing more than a possibility. (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 787.)

In support of her claim, defendant notes that she told Officer Bonner she had no identification, gave inconsistent years for her birth, and provided a middle name and a maiden name that did not match the names listed for Skrobecky. Accordingly, by his own testimony, prior to arresting defendant, Officer Bonner had a "pretty strong suspicion" that defendant was lying about who she was.

Harboring suspicions, Officer Bonner "begg[ed]" defendant to be honest with him, but she continued insisting she was Amber Skrobecky. Thus, until Officer Bonner was able to compare the photographs of Skrobecky and defendant, Officer Bonner had to assume defendant was who she claimed to be and Skrobecky was at risk of liability for defendant's conduct. Indeed, defendant's very purpose for personating Skrobecky was the hope that Skrobecky, not defendant, might suffer the punishment for driving while intoxicated. All of this was sufficient to satisfy the element that the person falsely personated "might" become liable in any prosecution or to incur any charge, forfeiture, or penalty.

Defendant further contends there is insufficient evidence she committed another act, beyond falsely identifying herself, that subjected Skrobecky to potential liability. We are not persuaded.

The additional act required by section 529 is something beyond, or compounding, the initial false personation to the arresting officer; it must be more than simply providing information regarding the false identity. (See, e.g., *People v. Cole* (1994) 23 Cal.App.4th 1672, 1676 [28 Cal.Rptr.2d 788] [giving a false middle name and birth date do not qualify as additional acts]; *People v. Chardon* (1999) 77 Cal.App.4th 205, 212–213 [91 Cal.Rptr.2d 438] [defendant signed her sister's name to the citation, found to be an additional act, put sister at risk of liability for failing to appear on the citation].)

Here, defendant argues that the only additional act she took, after falsely identifying herself, was to comply with Officer Bonner's instructions on the field sobriety tests, which was not criminal. However, defendant also refused to complete the mandatory second breath test or consent to having her blood drawn. Her refusal to complete the chemical testing, while acting as Amber Skrobecky, put Skrobecky at risk of liability for refusing to submit to and/or complete the chemical testing requirements under Vehicle Code sections

23612 and 23577.[4] Indeed, such charges were ultimately levied against defendant when her true identity was learned.

Defendant further argues that her conviction violates the corpus delicti rule because there is insufficient evidence, aside from her extrajudicial statements, to support her conviction for false personation. Specifically, defendant contends "there was necessarily no evidence of the crime independent of [defendant's] admission since the crime itself consisted of [defendant's] alleged false representation of her identity to Gooler and/or Bonner. Without [defendant's] statement(s) that her name was Skrobecky, and her providing other personal identifying information, there was no substantial evidence that [defendant] falsely personated anyone."

■ "To convict an accused of a criminal offense, the prosecution must prove that (1) a crime actually occurred, and (2) the accused was the perpetrator. Though no statute or constitutional principle requires it, California, like most American jurisdictions, has historically adhered to the rule that the first of these components—the corpus delicti or body of the crime—cannot be proved by *exclusive* reliance on the defendant's extrajudicial statements." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1164 [119 Cal.Rptr.2d 903, 46 P.3d 372], original italics.)

"The independent proof may be circumstantial and need not be beyond a reasonable doubt, but is sufficient if it permits an inference of criminal conduct, even if a noncriminal explanation is also plausible." (*People v. Alvarez, supra*, 27 Cal.4th at p. 1171.)

Under defendant's theory, no defendant could ever be convicted of false personation because the corpus delicti of the crime itself is defendant's statement. Had defendant not falsely personated Amber Skrobecky when she was stopped and later arrested, there would be no crime of false personation. Nevertheless, defendant's statements to Officer Bonner and Detective Gooler were not the only evidence of her crime. Defendant's fingerprints, along with the photograph of Amber Skrobecky, were further evidence that defendant was not the person she claimed to be.

---

[4] Vehicle Code section 23612, subdivision (a)(1)(A) provides in relevant part that "[a] person who drives a motor vehicle is deemed to have given his or her consent to chemical testing of his or her blood or breath for the purpose of determining the alcoholic content of his or her blood, if lawfully arrested for an offense allegedly committed in violation of Section 23140, 23152, or 23153. . . ."

Vehicle Code section 23577, subdivision (a) provides in relevant part that "[i]f any person is convicted of a violation of Section 23152 or 23153, and at the time of the arrest leading to that conviction that person willfully refused a peace officer's request to submit to, or willfully failed to complete, the chemical test or tests pursuant to Section 23612, the court shall impose the following penalties . . . ."

Accordingly, we find there was sufficient evidence to convict defendant on the charge of false personation.

II–IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is modified to specify that defendant receive 202 days of conduct credits. As modified, the judgment is affirmed. The superior court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

Scotland, P. J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 28, 2010, S182476. George, C. J., did not participate therein.

---

*See footnote, *ante*, page 1229.