Filed 3/9/16  In re Vanessa C. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re VANESSA C., a Person Coming Under the Juvenile Court Law. | B262932 |
| | (Los Angeles County Super. Ct. No. PJ49798) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VANESSA C.,<br><br>    //Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Morton Rochman, Judge.  Reversed in part and remanded.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Lance E. Winters, Senior Assistant Attorney General; Steven D. Matthews, Supervising Deputy Attorney General; and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

_____

During a traffic stop, appellant Vanessa C. identified herself to police officers as Elizabeth C.. The officers recovered a purse from the vehicle that contained drug paraphernalia and identification cards bearing appellant's true name. When confronted with the identification cards, appellant admitted she had provided a false name. The district attorney filed a juvenile wardship petition (see Welf. & Inst. Code, § 602) against Vanessa C. alleging a single felony count for false personation (Pen. Code, § 529) and two misdemeanor counts. The juvenile court found each of the counts to be true and ordered her home on probation.

On appeal, appellant argues that: (1) there was insufficient evidence to sustain the court's true finding on false personation; and (2) the court imposed an unlawful probation condition requiring her to attend school every day. We reverse the court's true finding on the false personation count, and remand for a new disposition hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2014, the Los Angeles County District Attorney filed a juvenile wardship petition pursuant to Welfare and Institutions Code section 602 alleging three counts against appellant Vanessa C.: (1) felony false personation (Pen. Code, § 529, subd. (a)(3)[1]); (2) possession of drug paraphernalia, a misdemeanor (§ 11364.1); and (3) unlicensed driving, a misdemeanor. (Veh. Code, § 12500, subd. (a).)

At a contested adjudication, Los Angeles police officer Naul Lopez testified that he and his partner performed a traffic stop on Vanessa C.'s vehicle. When Lopez's partner asked Vanessa C. to provide identification, she informed the officer she had left her identification at home, that her name was Elizabeth C. and that she was 18 years old. Lopez's partner asked Vanessa C. to confirm her identification, "emphasiz[ing]" that it was important that she "give . . . correct information." Vanessa C. maintained that her name was Elizabeth C., asserting that her birthday was October 4, 1993. Lopez's partner told Vanessa C. the birth date she had provided indicated she was 20 years old, which

---

[1]     Unless otherwise noted, all further statutory citations are to the Penal Code.

conflicted with her prior statement that she was only 18 years old.  Vanessa C. stated that she was "just nervous."

Lopez searched a pink purse that he had recovered from the vehicle.  The purse contained a glass pipe and multiple identification cards with Vanessa C.'s name on them. When Lopez's partner asked Vanessa C. why the name on the identification cards was different than the name she had provided, Vanessa C. "responded that she was nervous and . . . didn't want . . . to violate her probation because she knew she wasn't supposed to drive."  She then admitted her true name, explaining that Elizabeth C. was her sister.

At the conclusion of Lopez's testimony, Vanessa C.'s counsel moved to dismiss the felony count for false personation, arguing that section 529, subdivision (a)(3) required the district attorney to prove the juvenile had committed "some additional act" beyond providing a false identification.  The district attorney disagreed, arguing that Vanessa C.'s act of providing a false name to avoid a probation violation was sufficient to sustain a felony conviction under section 529.  The court denied the motion to dismiss, and found each of the counts true.  At disposition, the court ordered Vanessa C. home on probation under several conditions, including a requirement that she attend school "every day and be on time."

## DISCUSSION

Vanessa C. raises two arguments on appeal:  (1) there was insufficient evidence to support the court's finding that she violated Penal Code section 529, subdivision (a)(3); and (2) the probation condition requiring Vanessa C. to attend school "every day and be on time" was unconstitutionally vague and overbroad.

### A. The District Attorney Presented Insufficient Evidence to Support a Finding that Vanessa C. Violated Penal Code Section 529, Subdivision (a)(3)

Vanessa C. argues there was insufficient evidence to support the juvenile court's finding that she violated Penal Code section 529, subdivision (a)(3), which states:  "(a) Every person who falsely personates another in either his or her private or official capacity, and in that assumed character does any of the following, is punishable pursuant

3

to subdivision (b): [¶] . . . [¶] (3) Does any . . . act whereby, if done by the person falsely personated, he might, in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or whereby any benefit might accrue to the party personating, or to any other person."[2]  Vanessa C. contends there was no evidence she engaged in any conduct beyond falsely identifying herself as her sister that would constitute the "additional act" required under the statute.

*1.  Case law analyzing section 529's "additional act" requirement*

Section 529 makes it a criminal offense to "'falsely impersonate another person and, while doing so, commit . . . one of [the] three types [of acts set forth in subdivisions (a)(1), (2) and (3)].'"  (*People v. Guion* (2013) 213 Cal.App.4th 1426, 1432 (*Guion*).)  Under subdivision (a)(3), the prosecution must prove the defendant committed an "act beyond the impersonation . . . that might impose liability on the impersonated person or confer benefit on the impersonator."  (*People v. Casarez* (2012) 203 Cal.App.4th 1173, 1179 (*Casarez*).)  Several decisions have held that this "additional act" must be "something beyond . . . the initial false personation to the arresting officer[, and] must be more than simply providing information regarding the false identity."  (*People v. Stacy* (2010) 183 Cal.App.4th 1229, 1235 (*Stacy*).

For example, in *People v. Cole* (1994) 23 Cal.App.4th 1672, the defendant was arrested on suspicion of burglary.  While in custody, "the arresting officer asked him several questions regarding his identity in order to fill out a form required for booking." (*Id*. at p. 1674.)  The defendant falsely identified himself as "Larry Quesensberry," and provided his alleged date of birth.  When the officer ran a computer check using that information, the name Larry "Ray" Quesenberry appeared.  The defendant then confirmed that his middle name was "Ray."  (*Id.* at p. 1674.)  He was subsequently

---

**2**      In 2011, the Legislature restructured section 529 into subdivisions (a) and (b). The changes did not affect the language describing the conduct prohibited under the statute.  Subdivisions (a)(1), (2) and (3) of the current version of the statute correspond to subdivisions (1), (2) and (3) of the former version.  (See Stats. 2011, c. 15 (A.B.109), § 381, eff. April 4, 2011, operative Oct. 1, 2011.)

convicted of false personation under former section 529, subdivision (3). On appeal, the defendant argued the prosecution had failed to prove he committed any "act in addition to that of falsely identifying himself to the arresting officer." (*Cole, supra*, 23 Cal.App.4th at p. 1675.) The Attorney General, however, contended the defendant had committed "an additional act" by providing a false date of birth and middle name, which was intended to corroborate his false identity.

The appellate court agreed with defendant's assertion that section 529 required an additional act beyond "'the act of impersonation itself.'" (*Cole, supra*, 23 Cal.App.4th at p. 1675.) In its analysis, the court contrasted section 529 with section 148.9, which makes it a misdemeanor to "to provide a police officer with false identification to evade process or proper identification" (*ibid.*), explaining that the "additional act" requirement was "necessar[y] . . . to distinguish an act punishable as a felony under section 529 from an act punishable as a misdemeanor under section 148.9." (*Id.* at p. 1676.) The court further concluded that the defendant's act of providing a false birth date and middle name did not satisfy the statute's "additional act" requirement because these statements had merely served to substantiate his false identity.

Subsequent decisions addressing section 529 have agreed with *Cole*'s conclusion that the statute requires some "additional act" beyond the initial false impersonation. In *People v. Chardon* (1999) 77 Cal.App.4th 205, the defendant falsely identified herself as her sister after being stopped for speeding. Based on this information, the officer wrote a citation and promise to appear in the name of the defendant's sister, which the defendant then signed in her sister's name. She was subsequently convicted of violating section 529. The appellate court affirmed the conviction, explaining that under the framework set forth in *Cole*, the defendant's signing of the promise to appear constituted an additional act beyond the false personation that had subjected her sister to potential criminal liability.

Similarly, in *Stacy, supra,* 183 Cal.App.4th 1229, the defendant provided a false name after being arrested on suspicion of drunk driving. The defendant was taken to a police station, where she was advised that refusing to provide a breathalyzer test or blood

sample would result in the automatic suspension of her driver's license. She refused to consent to either test, and was later convicted under former section 529, subdivision (3). The appellate court affirmed her conviction, concluding that her refusal to complete "a mandatory second breath test or consent to having her blood drawn" constituted a separate act beyond the initial false impersonation that placed the person she was impersonating at risk of liability "under Vehicle Code sections 23612 and 23577." (*Id.* at pp. 1235-1236.)

In *Casarez, supra,* 203 Cal.App.4th 1173, the defendant provided a false name and birth certificate to avoid being taken into custody on an outstanding warrant. He was later convicted of violating section 529. The appellate court reversed, finding there was no evidence the defendant had committed any act beyond the false identification. In its analysis, the court reviewed the language and history of section 529, as well as the overall statutory scheme governing crimes of false identification. The court concluded that section 529's "additional act" requirement differentiated it from more-recently adopted statutes making it a misdemeanor to present or possess various forms of false identification, including possessing or using a false birth certificate (§ 529a); possessing a fake driver's license (§ 529.5); possessing an official driver's license by someone who is not entitled to possess it (§ 529.7); and providing a false name to police officers during a lawful stop or arrest (§ 148.9).

Based on its "review of the statutory language in the context of the statutory scheme," the court agreed with *Cole*'s conclusion that "section 529 requires more than mere impersonation. It requires that the impersonator *use*—not just assert—the false identity in one of the ways listed in the [statute's] three former subdivisions. Without an additional act, the mere impersonation generally constitutes only a misdemeanor. . . . [S]ection 529 requires an additional act beyond the[] false identification[] to elevate the crime to a felony." (*Casarez, supra*, 203 Cal.App.4th at pp. 1190-1192 [fn. omitted].)

Most recently, in *Guion, supra,* 213 Cal.App.4th 1426, the defendant falsely identified herself as Jean Marie Haile after being involved in a traffic accident. When the

6

investigating officers were unable to identify any person with that name, the defendant instructed her son to bring her identification to the police station. The son presented a fake driver's license bearing the defendant's image and the same name she had given at the scene of the accident. The defendant was subsequently convicted under section 529, subdivision (3).

On appeal, the defendant argued that the prosecution had failed to prove she committed any "affirmative and distinct act beyond falsely identifying herself . . . that might have exposed Haile to liability or produced some benefit to herself . . ." (*Guion, supra,* 213 Cal.App.4th at p. 1431.) The Attorney General disagreed, arguing that the defendant's act of presenting a fake driver's license to corroborate her false identity satisfied section 529's "additional act" requirement because, at that moment, she had exposed Haile to potential liability for the traffic accident. The court reversed the conviction, concluding that the defendant's presentation of the false identification was merely an "effort . . . to substantiate her oral misidentification." (*Id.* at p. 1435.)

### 2. *The district attorney provided no evidence that Vanessa C. committed any "additional act" beyond the initial false impersonation*

Vanessa C. argues that, under the cases summarized above, there was insufficient evidence to find she violated section 529 because the prosecution failed to show she exposed her sister to potential liability by committing an act beyond the initial false identification. According to Vanessa C., officer Lopez's testimony showed only that she provided a false name, and then admitted her true identity immediately after being confronted with the items from her purse.

The Attorney General, however, articulates two reasons why we should affirm the juvenile court's finding. First, the Attorney General argues we should adopt the analysis set forth in a dissenting opinion in *Guion*, which concluded that a defendant's act of false identification is, in itself, sufficient to prove a section 529 violation if made "*in a context that might result in liability to the* [impersonated] *person.*" (*Guion, supra,* 213 Cal.App.4th at p. 1440 (dis. opn. of Bruiniers, J.).) Applying that construction here, the

7

Attorney General contends Vanessa C. violated section 529 because she falsely identified herself as her sister while driving without a license and possessing drug paraphernalia, thereby exposing her sister to criminal liability for those acts. We decline to follow the *Guion* dissent. We are not aware of any decision that has endorsed or adopted the analysis in that dissent. Rather, as summarized above, our courts have uniformly construed section 529 to require "an act beyond . . . the initial false personation to the arresting officer." (*Stacy, supra,* 183 Cal.App.4th at p. 1235; see also *Guion, supra,* 213 Cal.App.4th at p. 1433; *Casarez, supra*, 203 Cal.App.4th at p. 1179.) We agree with the reasoning of those decisions, and find no basis to depart from them.

Alternatively, the Attorney General contends that even if we conclude section 529 requires proof of an additional act beyond the initial false identification, that requirement was satisfied here. In support, the Attorney General cites officer Lopez's testimony that he found a glass pipe used for smoking narcotics in Vanessa C.'s purse. The Attorney General asserts Vanessa C's possession of drug paraphernalia during the traffic stop constituted an "additional act" committed while in her assumed false identity that exposed her sister to criminal liability. As noted in *Guion*, however, "[s]ection 529 is clear that the prohibited act is not only separate from the false personation, but may not occur before the falsehood; the act must occur while 'in such assumed character.'" (*Guion, supra*, 213 Cal.App.4th at p. 1432.) The parties do not dispute Vanessa C. obtained and possessed the drug paraphernalia before she falsely identified herself to the arresting officers. Although she continued to possess the contraband during her interaction with the arresting officers, we fail to see how such conduct could be construed as a "separate act" that occurred only after the false identification.

Because there was no evidence that Vanessa C. committed a separate act beyond the false identification that exposed her sister to liability or otherwise conferred a benefit upon herself, we reverse the juvenile court's finding that Vanessa C. violated section 529, subdivision (a)(3).

8

### *B. The Juvenile Court's Probation Condition Was Not Overbroad or Vague*

Vanessa C. also challenges the juvenile court's decision to impose a condition on her probation requiring that she attend school "every day" and "be on time." Vanessa C. does not challenge the court's authority to impose school attendance as a condition of probation. (See generally *In re Gerald B.* (1980) 105 Cal.App.3d 119, 121-123 ["juvenile court may impose regular school attendance as a condition of probation following a wardship adjudication under section 602"].) She contends, however, that the wording of the attendance requirement at issue here is unconstitutionally vague and overbroad because the condition does not provide any exception for excused absences or tardiness.

"A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.'" (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) "'Also, the probation condition should be evaluated in its context, and only reasonable specificity is required.' [Citation.]" (*In re Alejandro R.* (2015) 243 Cal.App.4th 556, 569 (*Alejandro R.*).)

In *Alejandro R., supra,* 243 Cal.App.4th 556, the First District considered and rejected a virtually identical challenge to a probation condition requiring school attendance. The appellant in *Alejandro R.* argued that a probation condition mandating that he attend school "'every day'" was "unconstitutionally vague and overbroad because . . . the condition . . . [did] not make allowance for excused absences." (*Id.* at p. 568.) The court disagreed, explaining: "We find the condition to be neither vague nor overbroad. The juvenile court's condition is plainly a shorthand reference to the statutorily prescribed condition of Welfare and Institutions Code section 729.2, subdivision (a), which ordinarily must be imposed on all minors found to be wards under sections 601 and 602 and permitted to remain with their family: 'Require the minor to attend a school program approved by the probation officer without absence.' (Welf. & Inst. Code, § 729.2, subd. (a).) The 'reasonable, objective meaning' of the court's requirement that appellant attend school . . . 'every day' and the statutory requirement 'without absence,' evaluated in the context of juvenile school attendance, is that appellant

9

must be at school when it is in session unless he has a reason recognized as valid by the school for failing to be present. That is what is expected of all students, and nothing in the court's condition suggests it was intended to impose additional or different requirements from those applicable to other students. . . . Appellant's proposal of an alternative meaning that is 'belied by both context and common sense' does not make the condition either vague or overbroad. [Citation.]" (*Id*. at p. 569.)

As in *Alejandro R*., we believe the reasonable, objective meaning of the court's requirement that Vanessa C. attend school "every day and be on time" is that appellant must attend school when it is in session unless she has a valid reason for failing to be present or on time. This condition is neither vague nor overbroad.

## DISPOSITION

The juvenile court's true finding that Vanessa C. violated Penal Code section 529, subdivision (a)(3) is reversed, and the disposition order of March 19, 2015 is vacated. The matter is remanded for a new disposition hearing. In all other respects, the adjudication is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.

10