Filed 11/23/21  In re M.T. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re M.T., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B311012 (Super. Ct. No. MJ24772) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.T.,<br><br>    Defendant and Appellant. | |

Appellant meritoriously contends the juvenile court erred when it modified the conditions of his probation at a progress report hearing and ordered him to serve a term of 60 days on the Community Detention Program (CDP).  The order did not comply with the statutory requirements of the Welfare and Institutions

Code section 777[1] where it (1) was not preceded by notice, and (2) provided for automatic detention on the first and future violation of the CDP. Appellant has since completed the ordered detention, apparently without additional probation violations. This appeal will be dismissed as moot. We briefly discuss the procedural issue because it is a matter of public interest.

FACTS AND PROCEDURAL HISTORY

In December 2019, appellant was ordered a ward of the juvenile court pursuant to section 602. After serving a short term in Community Camp, appellant was released to the home of his mother, continued as a ward of the juvenile court, and was placed on probation subject to various conditions. Specifically, he was ordered to attend school, participate in "wraparound" services, and contact probation as instructed.

On March 3, 2021, the juvenile court conducted a progress report hearing. The progress report filed the same day by appellant's probation officer stated appellant was not in compliance with the conditions of his probation and recommended he complete "60 days on the Community Detention Program." The report stated that appellant was sneaking out of the house at night, was not attending school or counseling regularly, had not made any payment toward his restitution and was unavailable for job placement on several occasions. Appellant also took pills without a prescription and had to be hospitalized. A record check revealed appellant was arrested on February 11, 2021, but the district attorney's office elected not to file the case.

---

[1] All further statutory references are to the Welfare and Institutions Code.

2

The parties submitted on the facts of the report. After discussion regarding the filing of a noticed hearing for a probation violation under section 777, and over the objection of appellant's counsel, the juvenile court "add[ed] as a term and condition of home on probation, 60 days of CDP."

DISCUSSION

The parties correctly concede that the issues are technically moot because the 60-day period of community detention has expired. Appellant asks us to exercise our discretion to "resolve an issue of broad public interest that is likely to recur." "A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated.' [Citation.] . . . The pivotal question in determining if a case is moot is . . . whether the court can grant the [appellant] any effectual relief. [Citations.]" (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.) Here, we cannot grant any "effectual relief" because appellant has already completed the 60-day period of community detention. Nevertheless, we agree this appeal presents an issue of public interest that is likely to recur. (*In re M.R.* (2013) 220 Cal.App.4th 49, 56; *In re R.V.* (2009) 171 Cal.App.4th 239, 245-246; *In re Gerald B.* (1980) 105 Cal.App.3d 119, 123.)

Appellant points to two procedural failings by the juvenile court. First, the juvenile court ordered the 60-day period of community detention at the progress report hearing without prior notice that it would consider modifying the conditions of appellant's probation.[2] Second, the juvenile court ordered

---

[2] Appellant filed supplemental briefing contending that the juvenile court's failure to comply with section 777's notice and

3

appellant be detained on the first and future violation of the community detention.

Section 777 provides that "[a]n order changing or modifying" a condition of probation "shall be made only after a noticed hearing."  "[N]otice shall be made" by the "probation officer or the prosecuting attorney" and "shall contain a concise statement of facts sufficient to support" the finding of a violation of probation by a preponderance of the evidence.  (*Id.*, subds. (a)(2), (c); see *In re Eddie M.* (2003) 31 Cal.4th 480, 491.)

Section 777's procedural mechanism operates as a safeguard to ensure the notice and hearing requirements are satisfied when courts modify a prior order with a more restrictive one.  (*In re Jorge Q.* (1997) 54 Cal.App.4th 223, 230-231 [detailing "safeguards" of section 777's noticed hearing requirements]; *In re Ruben A.* (1981) 121 Cal.App.3d 671, 674-675 [reversing orders following progress review hearing where court did not comply with section 777 notice and factual findings requirements].)  The juvenile court did not comply with these safeguards when it ordered community detention at the progress report hearing without first providing the notice required under section 777.  We trust that this will not happen again.

The juvenile court also ordered appellant detained without citation "on the first future violation" of the community detention.  Section 777, however, provides that "[a]n order for the detention of the minor pending adjudication of the alleged violation may be made only after a hearing is conducted . . . ." (*Id.*, subd. (d).)  A "summary detention" order that "circumvent[s]

---

hearing requirements violates due process and is prejudicial error.  Because we dismiss the appeal as moot, we do not reach appellant's due process claim.

4

the statutory procedural requirements" is invalid.  (*In re Gerald B.*, *supra*, 105 Cal.App.3d at pp. 126-127.)  A procedural error such as this can be avoided by compliance with the notice and hearing requirements of section 777.

Here, appellant appears to have completed the community detention without further incident.  While he is still on probation, he is no longer subject to the automatic detention order because, as the parties concede, the 60-day period of community detention has now expired.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Brian C. Yep, Judge
Superior Court County of Los Angeles

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stacy S. Schwartz, Viet Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.